IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:14-cv-00037-MR-DLH

| | |
|---|---|
| JOSEPH D. LOVELACE and STONY G. YEARWOOD, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| CITY OF SHELBY, NORTH CAROLINA, | ) ) ) |
| Defendant. | ) ) ) |

## CONSENT DECREE

Whereas, Plaintiffs Joseph D. Lovelace and Stony G. Yearwood ("Plaintiffs") own or reside in the property at 312 Windsor Drive, Shelby, North Carolina; and

Whereas, Defendant City of Shelby ("Defendant") is a municipality that operates a wastewater collection system ("Collection System") in Cleveland County, North Carolina pursuant to National Pollutant Discharge Elimination System Permit No. NC0024538 ("NPDES Permit") and System-Wide Wastewater Collection System Permit No. WQCS00037 (collection system permit); and

Whereas, on or about December 12, 2013, Plaintiffs provided a notice of intent to file suit to various agencies, persons and entities, including the United States Environmental Protection Agency, the North Carolina Department of Environment and Natural Resources (NCDENR), and the City of Shelby. Plaintiffs alleged that Defendant had caused unauthorized discharges of pollutants from a manhole located at 312 Windsor Drive, Shelby, North Carolina, onto Plaintiffs' property and/or into waters of the United States, namely Hickory Creek, as well as from a toilet

in Plaintiffs' residence on the following dates: February 5, 2010, August 19, 2010, January 17, 2013, May 5, 2013, July 3, 2013 and July 5, 2013; and

Whereas, on or about February 14, 2014, Plaintiffs commenced this action as a citizen suit under the federal Clean Water Act ("CWA"), 33 U.S.C. § 1365(a)(1), making the same allegations as those set out above ("Litigation"). Specifically, Plaintiffs claimed that Defendant was discharging pollutants without an NPDES Permit in violation of the CWA and in violation of its NPDES and collection system permits on the dates referenced hereinabove. Plaintiffs also claimed that Defendant caused a nuisance and trespassed on Plaintiffs' property, and have otherwise caused damages resulting from its negligence; and

Whereas, Defendant has denied all such allegations and purported violations and asserted various affirmative defenses, and further does not admit any liability arising out of the facts alleged in the Complaint; and

Whereas, Defendant has undergone assessments and repair efforts to systematically evaluate and address any issues with the collection system, which is the basis of the Litigation, including, but not limited to: performing a large scale Inflow and Infiltration study; rodding, jetting, and videoing of relevant sewer lines; purchasing specialized bucket cleaning machines for large diameter sewers; removing large roots and heavy debris from sewer lines and performing other labor on the sewer lines; purchasing specialized flow monitoring equipment to be placed in the collection system at strategic locations to average daily flows and peak flows when rainfall occurred; replacing missing manhole covers along the sewer lines; purchasing an acoustic testing device for evaluation of the collection system for potential blockages; inspecting the manhole in front of Plaintiffs' property on or about January 1, 2014, January 11, 2014, February 11, 2014 and February 20, 2014; and evaluating the relevant lines per the City's regularly scheduled

2

maintenance plans. The costs to the City for the above referenced efforts for the relevant sewer lines have exceeded $150,000.00; and

Whereas, the parties wish to compromise and resolve all claims between and among them without admission of liability or further proceedings; and

Whereas, the parties, in consultation with counsel, hereby agree to resolve the Litigation and any issues that arose or could have arisen in connection with the Litigation in accordance with the terms of this Consent Decree, believing that settling the matters without further litigation is the most appropriate means of resolving the matters; and

Whereas, a copy of the proposed Consent Decree was received by the Attorney General of the United States and the Administrator of the United States Environmental Protection Agency more than forty-five (45) days before entry of this Consent Decree as required by 33 U.S.C. §1365(c)(3); and

The Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation between the Parties and that this Consent Decree is fair, reasonable, and in the public interest.

**NOW, THEREFORE, WITHOUT THE TRIAL OR ADJUDICATION OF ANY ISSUE OF FACT OR LAW AND WITHOUT ANY ADMISSION BY DEFENDANT OF ANY VIOLATIONS OR WRONGDOING ALLEGED IN THE LITIGATION, AND UPON CONSENT AND AGREEMENT OF THE PARTIES, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

### I. JURISDICTION

1. **Jurisdiction.** This Court has jurisdiction over the parties and subject matter of this action pursuant to Section 505(a) of the Clean Water Act, 33 U.S.C. §1365(a) and 28 U.S.C. §1331.

## II.   RELIEF

2.   **Injunctive Relief.** Defendant, in order to determine the cause(s) of the sanitary sewer overflows at 312 Windsor Drive, and moreover to establish base and peak flows for major sewer lines within the surrounding basin, agrees to complete the Flow Monitoring assessment pursuant to the terms and conditions set forth in the Flow Monitoring Plan ("FMP") attached hereto as Exhibit A and incorporated by reference as if fully set forth herein. This FMP shall continue for one year and no more as outlined in detail in Exhibit A.

3.   **Attorneys' and Expert Fees.** Defendant will reimburse Plaintiffs for the reasonable litigation costs in the amount of $25,281.49 and no more, incurred as a result of this Litigation. Such payment by Defendant shall be due within fifteen (15) days after entry of this Consent Decree by the Court. Defendant shall bear its own costs incurred in connection with the Litigation.

4.   **Damages for State Law Claims.** Defendant will pay or cause to be paid to Plaintiffs by and through their attorneys, Davis & Whitlock, PC, the amount of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00). Such payment by Defendant shall be due within fifteen (15) days after entry of this Consent Decree by the Court.

5.   **Release.** Plaintiffs Joseph D. Lovelace and Stony G. Yearwood, on behalf of themselves and their heirs, personal representatives, executors, administrators, successors and/or assigns (hereinafter collectively referred to as "Releasors") hereby release and forever discharge City of Shelby, North Carolina, and their respective officers, directors, managers, present and former employees, present and former agents, insurance companies or risk pools, successors and assigns (hereafter collectively referred to as "the Releasees") of and from any and all claims, actions or causes of action, demands, damages, costs, interest, judgments, expenses, liabilities, attorneys' fees and legal costs, of any nature whatsoever, without limitation, specifically including any and

all claims, arising out of or in any way related to those events and claims as described in the civil action filed in the United States District Court, Western District of North Carolina (Asheville Division), Civil Action Number 1:14-CV-00037, entitled "Joseph D. Lovelace and Stony G. Yearwood v City of Shelby, North Carolina." Releasors specifically discharge any claim(s) they may have against the Releasees for negligence, trespass, nuisance, violations of the terms of relevant permits, violations of the Clean Water Act, North Carolina law, or any other federal, state, city, county or local statute or ordinance, the common law, and any and all claims for relief which are, were or could have been the subject of the aforementioned lawsuit, all to the end that all claims which are or might be in controversy between Releasors and the Releasees may be forever put to rest, it being Releasors' intention to forever discharge and release all of their past, present and future claims against the Releasees for all consequences resulting or potentially resulting from those events referred to in the aforementioned lawsuit. Releasors acknowledge that if they later discover facts different from, or in addition to, those which they now know or believe to be true concerning the events and subject matter of the aforementioned lawsuit, that nevertheless this Release shall be and remain effective in all respects. This Release is expressly not intended to cover any violations of State or Federal law which arise in the future and could not have been the subject of the aforementioned lawsuit.

## III.     GENERAL PROVISIONS

6.     **Advice of Counsel.** The parties to this Consent Decree all mutually represent and warrant that they have carefully reviewed this Consent Decree, have had such opportunity as necessary to consult with counsel of their choosing, fully understand its terms, and enter into it freely and voluntarily.

7. **No Admission of Liability.** Defendant disputes the allegations complained of by Plaintiffs in the Litigation and this Consent Decree represents the parties' compromise of such disputed claims. This Consent Decree and the compliance with it shall not be construed as, shall not constitute, and are not intended to be an admission concerning the validity of any claim or allegation in the Litigation, or an acknowledgment by Defendant of any wrongdoing or liability, which is expressly denied.

8. **No Oral Modification.** Except as provided herein, no modification of the Consent Decree shall be effective without written approval by the parties and the Court. The terms of this Consent Decree can be changed or modified by a written instrument signed by all parties, including their privies, representatives, agents, successors or assigns, but shall not take effect unless and until approved by the Court.

9. **Consideration.** The parties hereby expressly stipulate to the adequacy and sufficiency of consideration in and for all mutual covenants contained herein.

10. **Privies, Successors and Assigns.** This Consent Decree is intended to and shall inure to the benefit of and be binding upon their parties and a respective representatives, privies, successors and assigns unless otherwise stated herein. Plaintiffs warrant and represent that neither Plaintiffs nor either one of them have assigned any rights or interests in the Litigation or any property relevant to the Litigation.

11. **Continuing Jurisdiction; Termination.** The United States District Court for the Western District of North Carolina shall have continuing jurisdiction to interpret and enforce the terms and conditions of this Consent Decree to resolve disputes arising hereunder, and for such other actions as they be necessary or appropriate in the construction or execution of the Consent Decree. Notwithstanding the Court's continuing jurisdiction, this Consent Decree shall terminate as to

Defendant after the parties' compliance with the measures and requirements listed herein and payment of the amounts identified herein having been made to Plaintiff.

12. **Third Parties.** This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

13. **Severability.** The provisions of this Consent Decree shall be severable and should any provision be declared by any court of competent jurisdiction to be inconsistent with the Federal law, and therefore unenforceable, the remaining provisions of this Consent Decree shall remain in full force and effect.

14. **Effect of Entry or Lack of Entry.** In the event of entry of this Consent Decree, the litigation is dismissed with prejudice. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to the Parties. In the event the court should reject this proposed Consent Decree, this Consent Decree shall be of no further force and effect and the parties shall be fully restored and returned to their respective positions nearly prior to the Consent Decree's lodging with the court so as to maintain the status quo.

15. **Effective date.** The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court.

    **IT IS SO ORDERED.**

Signed: August 5, 2015

Martin Reidinger
United States District Judge

**APPROVED FOR ENTRY:**

DAVIS & WHITLOCK, PC
BY: /s/ Jamie Whitlock
James S. Whitlock, Esq.
Gary A. Davis, Esq.
*Attorneys for Plaintiffs*
21 Battery Park Avenue, Suite 206
Asheville, NC 28801
jwhitlcok@enviroattorney.com
gadavis@enviroattorney.com

CRANFILL SUMNER & HARTZOG, LLP
BY: /s/ Mica Worthy
Patrick H. Flanagan, Esq.
Mica Nguyen Worthy, Esq.
*Attorneys for Defendant City of Shelby*
Post Office Box 30787
Charlotte, North Carolina 28230
phf@cshlaw.com
mworthy@cshlaw.com